617 A.2d 347

Mary Ann CHESTNUT and Elmer Chestnut H/W

v.

PEDIATRIC HOMECARE OF AMERICA, INC., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 20, 1992.

Filed Dec. 2, 1992.

Earl S. Lathrop, III, Philadelphia, for appellant.

William Salzer, Philadelphia, for appellees.

Before CIRILLO, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

Pediatric Homecare of America, Inc., appeals the Order entered March 26, 1992 denying its request for a conditional stay of judgment.

On June 8, 1989, appellant entered into a common stock put option agreement with appellee, Mary Ann Chestnut. Under the agreement, appellee had the right to require appellant to purchase all or part of her 212,000 shares of Pediatric common stock for a price of $2 per share. The agreement provided it was to be construed and governed according to Pennsylvania law. On June 6, 1991, appellee exercised her put option for all 212,000 shares, but appellant failed in its obligation to tender the payment. Among the numerous counts of a tort action filed by appellees against seven defendants was one count (Count VI) against Pediatric alone for breach of the common stock put option agreement. Following appellees' unopposed motion for partial summary judgment on that count, the motion was granted and the court ordered judgment in the amount of $424,000 plus interest. On January 8, 1992, appellees filed and served upon appellant's counsel its praecipe for writ of execution on the judgment and, on January 30, 1992, appellees filed a praecipe for writ of execution listing three Pennsylvania garnishees. After the judgment was entered, appellant filed a petition to conditionally stay the execution of judgment pursuant to Pa.R.C.P. 3121(b).[1]

As a preliminary matter, we address whether the Order is appealable. In *Grimme Combustion, Inc. v. Mergentime Corp.*, 385 Pa.Super. 260, 560 A.2d 793 (1989), *alloc. denied*, 528 Pa. 611, 596 A.2d 157 (1989), this Court held an Order refusing to grant a stay is not an Order denying an injunction appealable as of right under Pa.R.A.P. 311(a)(4).

---

1. **Rule 3121. Stay of Execution.**
 **Setting Aside Execution**

 **(b)** Execution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing
 (1) a defect in the writ, levy or service; or
 (2) any other legal or equitable ground therefor.

However, in *Philco Corp. v. Sunstein,* 429 Pa. 606, 241 A.2d 108 (1968), the Supreme Court stated:

Whether or not a stay order should be considered final for appeal purposes depends to a large extent upon the practical effect and impact the stay order might have on the relief requested by the litigants. If the effect of the stay order is tantamount to a dismissal of the cause of action or amounts to a permanent denial of relief requested, the party aggrieved should undoubtedly be afforded the opportunity to appeal on the basis that such stay order is a final disposition of some, if not all, of the rights involved.

*Id.* at 609, 241 A.2d at 109 (footnote omitted). We find the Order is appealable under the rationale of *Sunstein* since the denial of the stay effectively allows appellees to execute on their judgment and forever prevents appellant from presenting its defense, which if adopted by the court would allow appellant to withhold payment on the judgment until its capital is no longer impaired.

 On appeal, this Court will not disturb a trial court's denial of a petition to conditionally stay the execution of judgment "unless our review of the record reveals a clear abuse of discretion or error of law below." *Anmuth v. Chagan,* 336 Pa.Super. 216, 218, 485 A.2d 769, 771 (1984). "Whilst the power to stay execution of a judgment is necessary to prevent injustice, it should never be exercised unless the case is plain, and the equity of the party asking the interposition of the court is free from doubt or difficulty." *Pennsylvania Company For Insurances, etc. v. Scott,* 329 Pa. 534, 549, 198 A. 115, 122 (1938).

Appellant argues the court erred by refusing to apply the Delaware Corporations Law which prohibits a corporation from redeeming shares when its capital is impaired.[2] Appel-

2. Section 160 of the Delaware Corporations Law, 8 Del.Code Ann. § 160 states:

(a) Every corporation may purchase, redeem, receive, take or otherwise acquire, own and hold, sell, lend, exchange, transfer or otherwise dispose of, pledge, use and otherwise deal in and with its own shares; provided, however, that no corporation shall:

lant contends application of this law would preclude the finding it breached its contract with appellee by not tendering payment and was appropriate because it did not conflict with Pennsylvania's public policies. In addition, appellant argues the Delaware law in question operates in the same manner as section 1551(b) of the Pennsylvania Business Corporation Law which prohibits distributions in redemption of stock when a corporation is insolvent.

■ The trial court found the case was not governed by conflict of laws principles because the Delaware law did not conflict with Pennsylvania laws governing the attachment of assets in possession of garnishees within the Commonwealth. In deciding not to exercise judicial comity in order to apply the Delaware law, the court stated as follows:

> In view of this court's interest in protecting a Pennsylvania plaintiff who holds a Pennsylvania judgment which she wishes to use to attach assets in the possession of Pennsylvania garnishees, we determine that Delaware law should not be applied where its effect will be to deny a judgment holder the value of the judgment.

(Slip Op., Ott, J., 6/3/92, p. 7.) We agree with the trial court's reasoning and affirm its Order.

■ There is no dispute the value of appellant's capital would be impaired under the meaning of section 160 of the Delaware Code by forcing it to satisfy appellees' judgment. However, application of comity is a matter of judicial discretion. *Smith v. Firemens Ins. Co. of Newark*, 404 Pa.Super.

(1) Purchase or redeem its own shares of capital stock for cash or other property when the capital of the corporation is impaired or when such purchase or redemption would cause any impairment of the capital of the corporation, except that a corporation may purchase or redeem out of capital any of its own shares which are entitled upon any distribution of its assets, whether by class or series of its stock if such shares will be retired upon their acquisition and the capital of the corporation reduced in accordance with §§ 243 and 244 of this title. Nothing in this subsection shall invalidate or otherwise affect a note, debenture or other obligation of a corporation given by it as consideration for its acquisition by purchase, redemption or exchange of its shares of stock if at the time such note, debenture or obligation was delivered by the corporation its capital was not then impaired or did not thereby become impaired.

93, 590 A.2d 24 (1991), *alloc. denied*, 529 Pa. 669, 605 A.2d 334 (1992). This Court has previously exercised comity when application of another state's law contradicts no public policy of Pennsylvania and instead furthers a Pennsylvania policy. *Id.* Appellant contends exercising comity and applying the relevant Delaware statute would not contravene any public policy of Pennsylvania. We disagree. Pennsylvania has a great interest in protecting a Pennsylvania resident who has obtained a Pennsylvania judgment and has attached assets in possession of Pennsylvania garnishees. The laws of attachment in Pennsylvania are governed by the law of the forum and not the law of the state where the debt arose. *Simkins Ind., Inc. v. Fuld & Co., Div. of Met. Gr., Inc.*, 392 F.Supp. 126, 129 (E.Dist.Pa.1975); *Caddie Homes, Inc. v. Falic*, 211 Pa.Super. 333, 235 A.2d 437 (1967). Moreover, "[e]very state has jurisdiction to determine for itself the liability of property within its territorial limits to seizure and sale under the process of its courts." *Clark v. Williard*, 294 U.S. 211, 55 S.Ct. 356, 79 L.Ed. 865 (1935). Application of the Delaware law would violate Pennsylvania's public policy or interest in protecting a Pennsylvania judgment holder. Although we agree with appellant that application of the Delaware law would not literally render the judgment a "nullity," granting the stay effectively would render the judgment meaningless due to appellant's financial problems and lack of signs pointing to alleviation therefrom.

A similar provision to the Delaware law is found in the Pennsylvania Business Corporation Law at 15 Pa.C.S. § 1551.[3]

3. § 1551. Distributions to shareholders

> (b) **Limitation.**—A distribution may not be made if, after giving effect thereto:
> (1) the corporation would be unable to pay its debts as they become due in the usual course of its business; or
> (2) the total assets of the corporation would be less than the sum of its total liabilities plus (unless otherwise provided in the articles) the amount that would be needed, if the corporation were to be dissolved at the time as of which the distribution is measured, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights are superior to those receiving the distribution.
> 15 Pa.C.S. § 1551.

Under Pennsylvania's law, a stay could only be properly granted if purchasing the stock would render the corporation insolvent. Although section 1551 neither directly applies nor contradicts the Delaware Code, the Pennsylvania law effectively makes it easier for shareholders to redeem their shares at the corporation's expense. Therefore, one of the policies behind section 1551 would be compromised were we to apply the Delaware law.

We also agree with the trial court's adherence to a provision in the contract which stated Pennsylvania law controls. Section 187 of the Restatement (Second) of Conflict of Laws states:

### § 187. Law of the State Chosen by the Parties

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Under section 187(1), appellant correctly points out the parties could not have explicitly agreed to make appellant tender payment for redemption of shares if its capital was impaired at the time. Appellant argues Delaware law should be applied under section 187(2)(b) because Delaware has a "materially greater interest" in determining whether its corporation must

make payments under the conditions at hand. We disagree. We find Pennsylvania's interest in protecting its residents who have obtained Pennsylvania judgments is equally important to Delaware's interest in protecting its corporations.

Appellant also argues under section 187(2)(b), absent the provision in the agreement, Delaware law would apply under the rule of section 188(2) of the Restatement (Second) of Conflict of Laws, which states:

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

Out of the five factors listed under section 188(2), the only factor favoring the application of Delaware law is the fact the place of incorporation was Delaware. The place of performance, place of contracting, location of the subject matter and the appellees' residence were all in Pennsylvania.

Order affirmed.

MONTEMURO, J., concurs in the result.

Decision rendered prior to MONTEMURO, J., leaving the bench.