637 A.2d 689

**BYARD F. BROGAN, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MORRISSEY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1993.

Decided Jan. 18, 1994.

454

Michael D. Sherman, for petitioner.

Raymond F. Keisling, for respondent.

Before CRAIG, President Judge, and COLINS, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY, JJ.

FRIEDMAN, Judge.

Byard F. Brogan, Inc. and its workmen's compensation insurance carrier, Transamerica Insurance Group (collectively referred to as Employer), appeal an order of the Workmen's Compensation Appeal Board (Board) which affirmed an order of the referee [1] denying Employer subrogation rights against proceeds of a third party settlement obtained by John Morrissey (Claimant). We affirm.

Claimant was injured in an automobile accident on November 26, 1986, while working as a sales representative for Employer. The accident occurred in West Virginia. Claimant is a Pennsylvania resident and Employer is a Pennsylvania corporation. Because of serious injuries suffered as a result

[1]. Referees are now called Worker's Compensation Judges under the new amendments to the Worker's Compensation Act effective August 31, 1993. Because this case was before the Referee prior to the effective date of the amendments, however, we will refer to the Referee as such and not as Worker's Compensation Judge.

of the accident, Claimant was unable to return to work until February 1, 1987. Two weeks later, Claimant and Employer entered into a supplemental agreement for compensation which provided that Claimant was entitled to total disability benefits from December 1, 1986 until February 1, 1987, when Claimant returned to work at no loss of earnings; benefits were suspended after that date.

Sometime later in 1987, Claimant settled insurance claims made against Nationwide Insurance Company (Nationwide), the automobile insurer of Mark Baldwin, a West Virginia resident and operator of the other car involved in the automobile accident, and State Farm Insurance Company (State Farm), the business liability insurer for Baldwin's employer, Brook Hancock Development Corporation. Nationwide contributed $25,000 to the total settlement and State Farm contributed $65,000 in two separate checks. The first check, in the amount of $44,933.93, was made payable to Claimant and his wife and the second check, for $20,466.07, was made payable to Claimant, his wife and Transamerica. The check was drawn in this manner to protect Transamerica's alleged subrogation interest because of payments to Claimant for workmen's compensation benefits. Claimant and his wife cashed both checks.[2]

In 1990, Claimant filed a review petition requesting (1) that he be awarded compensation for serious and permanent disfigurement resulting from the 1986 auto accident, (2) that the question of whether Employer was entitled to subrogation be decided and (3) that penalties and counsel fees be awarded because of Employer's refusal to pay medical bill resulting from the accident. Following hearings, the referee awarded Claimant benefits for a period of five weeks for the serious and permanent disfigurement. The referee also held that Employer was not entitled to subrogation. Finally, the referee concluded that Claimant was not entitled to penalties and

---

2. A dispute exists concerning the circumstances surrounding the cashing of the check which had Transamerica as one of the payees. That dispute, however, is not relevant for the purposes of this appeal.

counsel fees since Claimant never introduced the medical bills which allegedly were unpaid.

Employer appealed the referee's order to the Board. In that appeal, Employer alleged (1) that the referee's finding of fact that Claimant has suffered serious and permanent disfigurement was not supported by substantial evidence and (2) that the referee committed an error of law in concluding that Employer was not entitled to subrogation. While that appeal to the Board was pending, Employer requested a supersedeas which the Board granted. Ultimately, the Board affirmed the referee's order and Employer now seeks our review.[3]

Employer now makes but one allegation of error, claiming that the conclusion that Employer is not entitled to subrogation is erroneous. We disagree with this argument and, thus, affirm.

At the time this accident occurred, in November of 1986, the following statutory provisions were in effect. 75 Pa.C.S. § 1720 then provided:

In actions arising out of the maintenance or use of a motor vehicle, *there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits,* benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate benefits) or benefits in lieu thereof paid or payable under section 1719 (relating to coordination of benefits). (Emphasis added.)

Furthermore, 75 Pa.C.S. § 1722 then provided:

In any action for damages against a tortfeasor arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverages set forth in section 1711 (relating to required benefits) shall be precluded *from pleading, introducing into evidence or recovering the amount of benefits paid or payable under*

3. Our scope of review is limited to determining whether a party's constitutional rights were violated or an error of law was committed and ascertaining that all necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

*section 1711.* This preclusion *applies only* to the amount of benefits set forth in section 1711. (Emphasis added.) [4] Finally, section 319 [5] of the Workmen's Compensation Act provides in pertinent part:

Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable ... by the employer....

77 P.S. § 671.

Initially, we must note this court's holding in *Walters v. Kamppi,* 118 Pa.Commonwealth Ct. 487, 545 A.2d 975 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 512 (1989). There, an employer paid funeral and death benefits to the widow of an employee who was killed in an automobile accident and medical and wage loss benefits to another employee who was a passenger in the employer's vehicle. The widow and the surviving employee filed suits against third party tortfeasors. The employer sought to intervene to protect its right to subrogation under section 319 of the Workmen's Compensation Act. The trial court denied the petitions to intervene, and the employer appealed to this court. We affirmed, concluding that 75 Pa.C.S. § 1720 "bars [the employer's] right to subrogation for workmen's compen-

---

**4.** 75 Pa.C.S. § 1711 required then that all automobile liability insurance policies contain coverages of $10,000 for medical benefits, a maximum of $1000 for monthly income loss benefits up to $5000 and $1500 in funeral benefits.

75 Pa.C.S. § 1722 was amended in 1990 to include, *inter alia,* a preclusion for workers' compensation benefits. The 1990 amendments were effective July 1, 1990.

Finally, in 1993, in an act effecting major revisions in The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1–1031, the legislature repealed both 75 Pa.C.S. § 1720 and § 1722 insofar as those sections related to workers' compensation benefits. Section 25(b) of the Act of July 2, 1993, P.L. ——— (Act No. 1993–44) (hereinafter referred to as Act 44). Section 27(5) of Act 44 made those repeals effective in sixty days from July 2, 1993. *The effect of these repeals will be discussed fully in a later portion of this opinion.*

**5.** The provisions of section 319 were left unchanged by Act 44.

sation benefits paid. . . ."  *Walters,* 118 Pa.Commonwealth Ct. at 498, 545 A.2d at 979.

■ Recognizing the holding in *Walters,* Employer here presents arguments different from those set forth in *Walters* as to why it is entitled to subrogation. Employer first argues that we should apply the law of West Virginia[6], which grants an employer the right to subrogation, and permit Employer to be subrogated to Morrissey's third party tort settlement. We cannot agree.

Both the referee and the Board have considered this argument and rejected Employer's assertion of its right to subrogation based upon *Allstate Insurance Co. v. McFadden,* 407 Pa.Superior Ct. 537, 595 A.2d 1277 (1991), *petition for allowance of appeal denied,* 529 Pa. 644, 602 A.2d 855 (1992). In *McFadden,* an employee was injured in an automobile accident in New Jersey while within the scope of his employment. The employee was a Pennsylvania resident and the employer was a Pennsylvania corporation. The employee collected workmen's compensation benefits under Pennsylvania's compensation law in the amount of $16,691.08; he also settled his claim against the driver of another automobile involved in the accident for an undisclosed amount. Allstate Insurance Company (Allstate), the employer's workmen's compensation insurance carrier, filed suit in Philadelphia seeking reimbursement of workmen's compensation benefits paid to the employee, based on the law of New Jersey, which permitted subrogation to the workmen's compensation insurer to monies recovered from a third party tortfeasor in an automobile accident. Both Allstate and the employee filed motions for summary judgment. The trial court granted summary judgment in favor of the employee and Allstate appealed to the Superior Court.

The Superior Court first answered the question of whether to apply the law of Pennsylvania or the law of New Jersey regarding subrogation on the facts involved. As the court stated:

**6.** Neither of the parties cites to the applicable legislation in West Virginia. Morrissey, however, does not dispute the fact that subrogation is permitted in that jurisdiction.

In the landmark case of *Griffith v. United Airlines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964) the Supreme Court abandoned the rule in conflict of law cases that the law to be applied was that of the place where the injury occurred, *lex loci delecti.* In its place, the court adopted the rule that the law *of the state having the most significant contacts with the matter in dispute should prevail.* The weight of a particular state's contacts must be measured on a qualitative rather than a quantitative scale. *Cipolla v. Shaposka,* 439 Pa. 563, 267 A.2d 854 (1970). It is firmly established in our jurisprudence that a less restrictive approach than that of *lex loci delecti* has been replaced by a government interest analysis and a significant relationship approach. *Giovanetti v. Johns–Manville Corp.,* 372 Pa.Super. 431, 539 A.2d 871 (1988). Under the Pennsylvania choice of law standard, the state having the most interest in the problem, and which is most intimately concerned with the outcome, is the forum whose law should apply. *Spratley v. Aetna Casualty & Surety Co.,* 704 F.Supp. 595 (E.D.Pa.1989).

Pennsylvania has a significant interest in payments under its Workmen's Compensation Law and the subrogation by Pennsylvania employers to monies paid to its employees by a third party. In addition, the injured employee in this case was a resident of Pennsylvania, he worked for a Pennsylvania corporation in Pennsylvania on a regular basis, although he also regularly worked in New Jersey. He was compensated under a workmen's compensation insurance policy obtained by his employer as required by the Pennsylvania Workmen's Compensation Act....

The New Jersey relationship to the case is that the motor vehicle accident occurred in that state at a time when the [employee] was acting within the scope of his employment and the tortfeasor was a resident of New Jersey.

We determine that the state that had the most significant relationship on the basis of the question that we must resolve, and not on the location of the accident or the residence of the tortfeasor. Our inquiry is not who was responsible for the accident *but whether [Allstate has] a*

*right to subrogation* of the monies paid to [the employee] under the Workmen's Compensation Act when he has made settlement with the tortfeasor. The motor vehicle accident in New Jersey merely triggered [the employee's] rights to compensation under the Pennsylvania Workmen's Compensation Act, but it is not the overriding consideration before us. *Pennsylvania is the state with the most significant interest in determining the right of an employer to subrogation where it has made payments to an injured employee. We therefore conclude that the law of Pennsylvania is applicable.*

*McFadden,* 407 Pa.Superior Ct. at 541–42, 595 A.2d at 1279 (emphasis added). The court then determined that 75 Pa.C.S. § 1720 superseded section 319 of the Workmen's Compensation Act, thereby denying Allstate any right of subrogation.

We believe that *McFadden* is indistinguishable from the present case. In both cases, the injured employees were Pennsylvania residents and employers were Pennsylvania corporations. Furthermore, in both cases, the automobile accidents occurred in a neighboring state while the employees were within the scope of their employment. Finally, in both cases, the injured employees settled their claims with tortfeasors who were residents of the state where the accident occurred. Although holdings of the Superior Court are not binding precedent upon this court, we are persuaded by the reasoning employed by our colleagues in *McFadden* on the choice of laws question and we herein adopt it as our own. Applying that reasoning, we conclude that Pennsylvania has the most significant interest in determining the question of subrogation on these facts. Accordingly, we apply the law of Pennsylvania, which did not permit subrogation at the time Morrissey was injured in his work related accident.

Employer counters, arguing that the present case should be controlled not by *McFadden,* but by *Davish v. Gidley,* 417 Pa.Superior Ct. 145, 611 A.2d 1307 (1992), in which the Superior court applied the subrogation law of New Jersey. In *Davish,* an employee was injured in a work related automobile accident in Pennsylvania. The employee was a Pennsylvania

resident. The employer, a New Jersey corporation, had a depot in Philadelphia where the employee reported for work on a daily basis. The employee collected workmen's compensation benefits pursuant to New Jersey law, which provided greater benefits than the Pennsylvania law. When the employee filed suit in Pennsylvania against the alleged tortfeasors responsible for the automobile accident, the employer's workmen's compensation insurer sought leave to intervene to protect its subrogation interest guaranteed by the New Jersey legislature. The trial court refused to permit intervention by the insurer, concluding that subrogation was not available under the law of Pennsylvania. The Superior Court reversed, concluding that New Jersey law should be applied. Noting that New Jersey was the state which regulated the employer's insurance policy, a significant factor in subrogation cases, the court explained:

> [W]e find that New Jersey is the state with the most significant interest in determining the right of a New Jersey employer to subrogate where it has made workers' compensation payments to a Pennsylvania employee pursuant to the New Jersey Worker's Compensation Law. Instantly, neither [the employee's] residency in Pennsylvania nor the accident's situs in this Commonwealth is an overriding consideration. The fact that the accident occurred in Pennsylvania merely triggered [the employee's] right to workers' compensation under either the New Jersey Workers' Compensation Law or the Pennsylvania Workmen's Compensation Law. We must remember that, 'The law does not require us to apply the law of the state whose contacts are most numerous, but rather demands a sensitivity to the relative importance of each of the several contacts to the substantive policy of workmen's compensation.' *Lewis [v. Chemetron Corp.]*, 448 F.Supp. [211,] 213 [ (W.D.Pa.1978) ], citing *Elston v. Industrial Lift Truck*, 420 Pa. 97, 216 A.2d 318 (1966). *Significantly, [the employee] made his own choice of law when he elected to collect workers' compensation benefits under New Jersey law.*

*Davish,* 417 Pa.Superior Ct. at 150, 611 A.2d at 1310 (emphasis added). The court then concluded that New Jersey had the most significant contacts in the question of whether subrogation should be permitted.

*Davish* is obviously distinguishable from both the present case and *McFadden.* The crucial distinguishing factor is that the employee in *Davish* had the choice of accepting benefits under either the law of New Jersey or Pennsylvania; he chose the former and the Superior Court required that the employee live with *all of the consequences* of that choice. In both the present case and *McFadden,* the injured employees had a similar choice and in both instances chose to apply the compensation law of this Commonwealth. Again, we believe that *Davish* is distinguishable and that the present matter is controlled by *McFadden.*

■ Employer next argues that we should apply principles of "comity" and apply the law of West Virginia to recognize Employer's right to subrogation. In *Chestnut v. Pediatric Homecare of America,* 420 Pa.Superior Ct. 598, 617 A.2d 347 (1992), the court explained the application of principles of comity, noting that Pennsylvania could recognize the law of a sister state "when application of another state's law *contradicts no public policy of Pennsylvania and instead furthers a Pennsylvania policy." Id.* at 603, 617 A.2d at 350 (emphasis added). *Accord Smith v. Fireman's Insurance Co. of Newark,* 404 Pa.Superior Ct. 93, 590 A.2d 24 (1991), *petition for allowance of appeal denied,* 529 Pa. 669, 605 A.2d 334 (1992). Suffice it to say that allowing Employer to exercise its subrogation rights *would directly contradict the statutory mandate of 75 Pa.C.S. § 1720* which provides that no subrogation is recognized in the circumstances of the present case. Thus, Employer's argument that its right to subrogation must be recognized under principles of comity must be rejected.

■ Employer argues, however, that because of the passage of Act 44, which specifically repealed 75 Pa.C.S. § 1720 insofar at that section relates to workers' compensation, the public policy of Pennsylvania would now be furthered by

allowing subrogation. We cannot apply the repealing provisions of Act 44 to the present case. In *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973), we were asked to apply changes in the Workmen's Compensation Law where an accident had occurred and litigation commenced prior to the effective date of the changes.

> The general rule has been stated as follows: 'Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely a mode of procedure, it is applied, as of course, to litigation existing at the time of passage....' *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 166, 110 A. 731, 732 (1920)....

*Krawczynski*, 9 Pa.Commonwealth Ct. at 183, 305 A.2d at 761.

In the present case, the Legislature did not provide that any of Act 44's provisions were to be applied retroactively. Furthermore, it is clear that a provision dealing with the *existence of an employer's right to subrogation* is a question not of procedure but of substantive law. *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978). In *Bell*, the Court discussed the applicability of changes in the Workmen's Compensation Law which provided employers with absolute immunity from suit; prior to the changes, a third party sued by an injured employee could seek contribution and indemnity from the employer. As the Court stated:

> We realize that the terms substantive and procedural are not easily defined; yet in the case we decide today, we have no doubt that the appellants' rights rise to the level of being substantive.
>
> Of course, at first blush, appellants' right of joinder may appear to merely be a procedural issue. However, by disallowing such joinder Section 303(b) also denies appellant any right of contribution or indemnity from appellee. The law of contribution and indemnity has been recognized as substantive in nature.

*Bell,* 481 Pa. at 458, 392 A.2d at 1382. The Court went on to conclude that the changes in the law, substantive in nature, did not apply where an injury occurred prior to the changes, even though suit was not commenced until after the effective date of the changes. Thus, we believe that the provisions of Act 44 which repealed 75 Pa.C.S. § 1720 do not apply to this litigation.

For all of the foregoing reasons, we are convinced that the Board and the referee did not err in concluding that Employer had no right to subrogation in the present case. Accordingly, we affirm.

## *ORDER*

AND NOW, this 18th day of January, 1994, the April 19, 1993 order of the Workmen's Compensation Appeal Board at No. A92–1884 is affirmed.