James W. VALIN, Plaintiff,

v.

KEMPER INSURANCE CO., et al., Defendants.

Civil Action No. 95–CV–6961.

United States District Court,
E.D. Pennsylvania.

March 5, 1996.

William Goldstein, Groen, Laveson, Goldberg, Rubenstone & Flager, Bensalem, PA, Gordon Hoffman Shapiro, Lutkins & Shapiro, Roanoke, VA, for James W. Valin.

Robert J. Siegel, Law Offices of E.J. McKechnie, Jr., Philadelphia, PA, Leisa Kube Ciaffone, Melissa Walker Robinson, Gentry, Locke, Rakes & Moore, Roanoke, VA, for Kemper Ins. Co.

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the Court is the Motion of Kemper Insurance Company ("Kemper") for Subrogation. For the reasons that follow, the Court will grant the Motion in part. Kemper will be entitled to subrogation from the third-party tort action settlement proceeds for some, but not all, of the distributions that it made to Plaintiff.

### BACKGROUND

The parties have stipulated to the following facts. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a). On June 6, 1989, while in the course and scope of his employment with Quad Systems Corporation ("Quad"), Plaintiff was injured in a motor vehicle accident in Virginia. Kemper was the workers' compensation insurance carrier for Quad at that time. Pursuant to that arrangement, Kemper began paying benefits to Plaintiff in August, 1989, and continues paying workers' compensation benefits to Plaintiff. In 1992, Plaintiff commenced a personal injury lawsuit against the third-party tortfeasor in the United States District Court for the Western District of Virginia. Kemper was permitted to intervene in that matter. On September 27, 1995, Plaintiff settled the lawsuit for $350,000. The proceeds of the settlement are currently in escrow, pending the outcome of this action. The parties agree that Pennsylvania law governs the Court's resolution of Kemper's Motion.

### DISCUSSION

The sole issue in this matter is whether Kemper is entitled to subrogation under the Pennsylvania Workers' Compensation Act,

281

Pa.Stat.Ann. tit. 77, § 671. Section 671 provides:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer. . . .

(footnote omitted). Resolution of this issue, however, is complicated by the fact that Plaintiff's compensable injury was the result of an automobile accident. Before its partial repeal in August, 1993, section 1720 of Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL") provided that, "[i]n actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits." 75 Pa.Cons.Stat. Ann. § 1720 (repealed August 31, 1993). The issue, therefore, becomes how this provision and its repeal have affected Kemper's subrogation rights.

The parties agree that the repeal of the "no subrogation" provision in the MVFRL cannot be applied retroactively. *See Carrick v. Zurich–American Ins. Group,* 14 F.3d 907, 912 (3d Cir.1994); *Getek v. Ohio Cas. Ins. Co.,* 868 F.Supp. 751, 756–57 (E.D.Pa.1994); *Byard F. Brogan, Inc. v. W.C.A.B.,* 161 Pa. Cmwlth. 453, 637 A.2d 689, 694 (1994). It is well-established law in Pennsylvania that because "[s]ection 1720 allocates the proceeds of a recovery in a tort action, it is substantive rather than procedural, and therefore ... the repealing statute [cannot] be applied retroactively." *Getek,* 868 F.Supp. at 757 (citing *Carrick v. Zurich–American Ins. Group,* 14 F.3d 907 (3d Cir.1994); *Byard F. Brogan, Inc. v. W.C.A.B.,* 161 Pa.Cmwlth. 453, 637 A.2d 689 (1994)). In *Byard F. Brogan, Inc.,* the Pennsylvania Commonwealth Court observed "that a provision dealing with the *existence of an employer's right to subrogation* is a question not of procedure but of substantive law." *Byard F. Brogan, Inc.,* 637 A.2d at 694 (emphasis in original). Plaintiff suggests, however, that because the accident occurred in 1989, which was prior to

the repeal of the "no subrogation" provision, Kemper may not seek subrogation under section 671 of the Workers' Compensation Act. Kemper, on the other hand, argues that the Court should focus on the settlement date of Plaintiff's third-party personal injury lawsuit, which was after the effective date of the repeal. Because the MVFRL no longer bars subrogation under the Workers' Compensation Act for benefits paid on account of an automobile accident, Kemper argues that it is now entitled to seek subrogation from the 1995 settlement proceeds.

Although the dates that the parties rely on are relevant, they are not dispositive of the issue in this matter. In both *Getek* and *Byard F. Brogan, Inc.,* the accidents and settlements occurred before the repeal of the "no subrogation" provision. *Getek,* 868 F.Supp. at 753; *Byard F. Brogan, Inc.,* 637 A.2d at 690. In those cases, the courts found that allowing subrogation under section 671 would be an unlawful retroactive application of the repeal. *Getek,* 868 F.Supp. at 756–57; *Byard F. Brogan, Inc.,* 637 A.2d at 694. In this case, however, Plaintiff was injured before the repeal of the "no subrogation" provision, but the settlement of the third-party tort action occurred approximately two years after the repeal. In addition, Kemper continued to pay workers' compensation benefits to Plaintiff after the repeal. The Court finds these factual distinctions persuasive.

As of August 31, 1993, the effective date of the repeal of the "no subrogation" provision, Kemper had a substantive right, pursuant to section 671 of Pennsylvania's Workers' Compensation Law, to subrogation for the benefits that it paid to Plaintiff. The settlement of the third-party tort action occurred after the effective date of the repeal, and Kemper paid workers' compensation benefits to Plaintiff after that date. Therefore, the Court believes that allowing Kemper subrogation from Plaintiff's 1995 tort settlement proceeds for all workers' compensation benefits that it paid to Plaintiff since August 31, 1993, would not be an unlawful retroactive application of the repeal of the "no subrogation" provision in section 1720. Applying the repeal in this situation would not deprive Plaintiff of a substantive right, because it would not affect

**282**

conduct that occurred before the repeal. *See Getek*, 868 F.Supp. at 757 n. 6.

An appropriate Order follows.

### *ORDER*

AND NOW, this 4th day of March, 1996, upon consideration of the Motion of Kemper Insurance Company ("Kemper") for Subrogation and the supplemental memoranda submitted by the parties, and for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that:

1. The Motion is GRANTED in part.

2. Kemper Insurance Company is entitled to subrogation from Plaintiff's third-party tort settlement proceeds for workers' compensation benefits that it has paid to Plaintiff since August 31, 1993.

3. Kemper is not entitled to subrogation from Plaintiff's third-party tort settlement proceeds for workers' compensation benefits that it paid Plaintiff prior to August 31, 1993.