John W. Holsten and Helen T. Holsten, his wife, Appellants *v.* West Goshen Township and the Board of Supervisors of West Goshen Township, Appellees.

Argued October 9, 1980, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*William F. Holsten, II,* with him *John E. Good,* for appellants.

*Ronald C. Nagle, Buckley, Nagle & McGuire,* for appellees.

OPINION BY JUDGE MENCER, January 23, 1981:

John W. Holsten and Helen T. Holsten (appellants) have appealed from an order of the Court of

Common Pleas of Chester County which dismissed their petition for declaratory judgment for lack of jurisdiction. We reverse and remand to the lower court for further proceedings consistent with this opinion.

The facts of this case are not in dispute. In 1968, West Goshen Township accepted deeds of dedication for Sylvan Road and Eagle Road to be used as public streets and has since maintained these roads. On June 5, 1970, East Goshen Township approved a housing development plan for property owned by appellants' predecessor in title, which illustrated a proposed road to connect with Sylvan and Eagle Roads. West Goshen Township then passed Ordinance No. 1 on May 12, 1971, setting aside certain land for use by the public as parks, including Sylvan Road and Eagle Road. The appellants purchased the property in East Goshen Township on May 25, 1971 and began construction of the development shortly thereafter. On May 2, 1977, the appellants started construction of an artery to connect with Sylvan and Eagle Roads. Three days later, West Goshen Township erected barricades across these roads, thereby preventing access to the development by this route.

Appellants then brought a petition for declaratory judgment, averring that the barricades were improperly erected because (1) the deeds of dedication of Sylvan and Eagle Roads were never vacated by the procedure set forth in Section 1102 of The Second Class Township Code,[1] which requires, inter alia, written notice to ''property owners affected thereby'', and (2) Ordinance No. 1 therefore violates Section 1901 of The Second Class Township Code,[2] which

[1] Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §66102.
[2] 53 P.S. §66901.

provides that land may be designated as a public park only if it has not been dedicated to other public use. The lower court dismissed the petition on the ground that more than 30 days had elapsed between the adoption of the ordinance and the commencement of this action.

We do not agree that the lower court lacked jurisdiction to hear appellants' petition. Case law has established that the 30-day appeal period applies only to attacks based upon procedural defects in the enactment of the ordinance and does not prevent subsequent attacks on its substantive validity. *Hodge v. Zoning Hearing Board of West Bradford Township,* 11 Pa. Commonwealth Ct. 311, 312 A.2d 813 (1973).

Appellants are essentially challenging the authority of West Goshen Township to create park lands from public streets by the passage of an ordinance which violates The Second Class Township Code. As the Supreme Court ruled in *McArthur v. Mt. Lebanon Township,* 402 Pa. 78, 165 A.2d 630 (1960), a challenge based upon the township's lack of statutory authority to enact the ordinance is a substantive question not subject to the 30-day appeal period.

Furthermore, appellants' attack on the ordinance cannot be characterized as a "procedural" one merely because it alleges that an entire procedure was circumvented by the passage of Ordinance No. 1, in that Sylvan and Eagle Roads were not first vacated as public streets. Rather, appellants are challenging the substantive validity of the ordinance by questioning the statutory *power* of West Goshen Township to transform public streets into park property. Such a challenge is not removed, even if appellants' argument is ultimately based upon the Township's failure to vacate the roads as public property according to the procedure set forth in Section 1102.

West Goshen Township also maintains that the appellants' cause of action is barred by laches since appellants purchased the property in 1971, subject to Ordinance No. 1, and yet failed to interpose their petition until 1977. We disagree. In *Roeder v. Hatfield Borough Council,* 439 Pa. 241, 248, 266 A.2d 691, 695 (1970), the Supreme Court stated the circumstances that must be present before an ordinance can be challenged:

On many occasions, this Court has stated that questions as to the validity or constitutionality of an enactment will not be decided *in vacuo* but only after it has been actually applied to a litigant. In Bliss Excavating Company v. Luzerne County, 418 Pa. 446, 449-50, 211 A.2d 532, 534 (1965), we said, '. . . . Regardless of when the ordinance became effective, . . . absolutely nothing had happened under the ordinance to create a case or controversy ripe for judicial intervention. The plaintiffs had not sought nor had they been denied the right to engage in any activities on their land. Nor had there been any indication or threat of enforcement.'

Thus, appellants had no cause of action until the Township erected the barricades on May 5, 1977, and the petition is therefore timely.

Order reversed and case remanded for further proceedings consistent with this opinion.

### ORDER

AND Now, this 23rd day of January, 1981, the order of the Court of Common Pleas of Chester County, dated May 30, 1979, dismissing the complaint of John W. Holsten and Helen T. Holsten, is reversed, and this case is remanded for further proceedings consistent with this opinion.