553 Pa. 452 (1998)
719 A.2d 1033
Judith GOKALP, Appellee,
v.
PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, Appellant.
Supreme Court of Pennsylvania.
Argued February 4, 1998.
Decided October 23, 1998.
*453 Mindy L. Feldstein; Anthony J. Bilotti, Broomall, for PA Manufact. Assoc. Ins. Co.
Jonathan F. Ball, Philadelphia, for Amicus-Kemper Ins. Co.
Richard A. Estacio, Harrisburg, for Amicus-Trial Lawyers.
Joseph J. Aversa, Philadelphia, for Judith Gokalp.
Richard D. Harburg, Philadelphia, for Amicus-State Workman's Ins. Fund.
*454 Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

ORDER
PER CURIAM.
The court being evenly divided, the order of the Superior Court is AFFIRMED.
SAYLOR, J., did not participate in the decision of this matter.
NIGRO, J., files an opinion in support of affirmance joined by CASTILLE and NEWMAN, JJ.
CAPPY, J., files an opinion in support of reversal joined by FLAHERTY, C.J., and ZAPPALA, J.

OPINION IN SUPPORT OF AFFIRMANCE
NIGRO, Justice.
The issue before the Court is whether Appellant, a workers' compensation carrier, is entitled to subrogation from the proceeds of a third-party settlement received by Appellee. In this case, the settlement occurred after the Workers' Compensation Act was amended to allow subrogation. The car accident and related injury, however, occurred when employers had no subrogation right under 75 Pa.C.S. § 1720.
The Court considered a similar issue in Bell v. Koppers Co., Inc., 481 Pa. 454, 392 A.2d 1380 (1978), where employees sued manufacturers of coke ovens for injuries caused by exposure to the oven's harmful emissions. A manufacturer filed a complaint against the employer seeking contribution or indemnity. At the time the injuries were sustained, the law allowed a third party that was sued by an injured employee to obtain contribution or indemnity from the employer. However, before the employees filed suit, amendments to the Workmen's Compensation Act provided that employers are not liable to third parties for contribution or indemnity.
In deciding which rule of law applied in Bell, the Court stated that when substantive rights are involved, the applicable *455 law must be that which is in effect at the time the cause of action arises. 481 Pa. at 458-59, 392 A.2d at 1382. The Court found that the manufacturer's right to contribution or indemnity is a substantive right and that the statutory amendments obliterated the manufacturer's cause of action. Id. The Court further found the fact that suit was filed after the statute changed of no consequence since any liability on the employer's part for contribution or indemnity was based upon its negligent acts before the statute was amended. Id. Recognizing numerous other decisions that reached the same result, the Court held that the law in effect on the date of the employees' injuries controlled. Id. at 459, 392 A.2d at 1383.
The Commonwealth Court applied Bell in Byard F. Brogan, Inc. v. Workmen's Compensation Appeal Bd., 161 Pa. Commw. 453, 637 A.2d 689 (1994), a case involving the amendment currently at issue regarding subrogation. In Brogan, an employee was injured in a car accident, received compensation for total disability, and later settled claims against various insurers. The employee sought a ruling on whether his employer was entitled to subrogation. At the time of the accident and subsequent settlement, an employer had no right to subrogation under 75 Pa.C.S. § 1720. The employer, however, argued that it was entitled to subrogation since Section 1720 had since been repealed.
The Commonwealth Court held that the statutory amendment did not apply. 161 Pa. Commw. at 463, 637 A.2d at 694. The court explained that a provision dealing with the existence of an employer's right to subrogation is a question of substantive law. Id. It recognized that under this Court's decision in Bell, changes in the law that are substantive in nature do not apply where an injury occurred before the changes. Id. See also Getek v. Ohio Casualty Insurance Co., 868 F.Supp. 751 (E.D.Pa.1994) (where injury and settlement occurred before statutory amendment allowing subrogation, carrier's claim to subrogation fails).
In addition, the Third Circuit Court of Appeals rejected an argument that the amended statute applied where a suit against a third party was pending when the statute changed. *456 In Carrick v. Zurich-American Insurance Gp., 14 F.3d 907 (3rd Cir.1994), the spouse of an employee who was killed in a car accident filed a workers' compensation claim and an action against alleged tortfeasors. The spouse also sought a declaratory judgment on the workers' compensation carrier's right to subrogation from potential recoveries in the tort actions. The carrier argued that Section 1720 was repealed while the declaratory judgment action was pending and it has subrogation rights under the amended statute. The Third Circuit Court of Appeals, however, concluded that a statute that allocates the proceeds of a recovery in a tort action is substantive and in Pennsylvania, it will not be applied retroactively. 14 F.3d at 912. Thus, the carrier in Carrick had no subrogation right from any award or settlement received after the statutory amendment.
Similarly, in Valin v. Kemper Insurance Co., 938 F.Supp. 280 (E.D.Pa.1996), rev'd, 107 F.3d 864 (3rd Cir.1997), an employee was injured before the repeal of the no subrogation provision. The settlement of a third-party tort action occurred two years after the repeal. Since the settlement occurred after the effective date of the repeal, the district court allowed subrogation from the settlement for benefits paid by the employer after the effective date of the amended statute. Consistent with its decision in Carrick, the Third Circuit Court of Appeals reversed without a published opinion.[1]
Finally, the Superior Court here relied upon its decision in Schroeder v. Schrader, 453 Pa.Super. 59, 682 A.2d 1305 (1996), where an employee was injured in a car accident and received workers' compensation. After the amendments to the Workers' Compensation Act took effect, the employee sued the driver of the other car. In the tort action, the trial court reduced the jury's award for the employee by amounts paid or payable by insurance and workers' compensation pursuant to 75 Pa.C.S. § 1722. The employee appealed the reduction of the award. She argued that although Section 1722 precludes *457 recovery of benefits received, it was repealed before she filed suit.
The Superior Court recognized in Schroeder that before Act 44 repealed Section 1722, a claimant could not recover amounts paid or payable under workers' compensation and, balanced against that provision, a carrier had no right to subrogation under Section 1720. 453 Pa.Super. at 63-64, 682 A.2d at 1307. After the amendments, a claimant's recovery is not reduced by the amount of workers' compensation benefits received, and the carrier has a right to subrogation. Id. In deciding whether the amendment to Section 1722 applied, the Superior Court looked to the Commonwealth Court's decision in Brogan which, as discussed above, found that the amendment to Section 1720 cannot change rights as they existed on the date of the accident. Id. In light of Brogan, it found that applying the amendment to Section 1722 would allow claimants to receive a double recovery. Id. The court thus concluded that the statutory amendments did not apply and the parties' substantive obligations were fixed on the date of the collision. 453 Pa.Super. at 67, 682 A.2d at 1308-09.
Notwithstanding this line of authority, the Opinion in Support of Reversal relies solely upon Pennsylvania Manufacturers' Ass'n Insurance Co. v. Wolfe, 534 Pa. 68, 626 A.2d 522 (1993), a divided decision that does not involve a party's entitlement to subrogation or a question as to the application of an amended statute. Rather, the issue in Wolfe was who had priority to payment from a settlement fund  the carrier who provided benefits to the claimant or the attorney who helped create the fund. The Court stated that "this case does not involve a question of entitlement, but rather a question of priority." 534 Pa. at 72, 626 A.2d at 524. In discussing which interest has priority, the Court stated:
[I]f an employee enters into a contingent fee agreement and a structured settlement agreement is reached to pay the attorney who creates the fund a 40% fee, the employer's subrogation lien is subordinate to the contract claims of the attorney. The worker's compensation carrier is not entitled *458 to any subrogation until the injured employee has the `right' to and receives such compensation.
In determining whether or not an injured employee is entitled, or has a "right," or does receive any payment from a third party, one must first deduct reasonable attorney's fees and expenses incurred in obtaining a recovery or in effecting a compromise settlement in the first place. . . .
534 Pa. at 74, 626 A.2d at 525. The Court then explained why attorneys have first priority. The Opinion in Support of Reversal relies solely upon this discussion in Wolfe on payment priority to resolve an employer's right to subrogation in light of statutory amendments. This reliance appears to confuse an employer's ability to exercise its subrogation rights when payment from a third party is received and an employer's entitlement to subrogation, which is dictated by statute.
In sum, consistent with the authority discussed above, Appellant has no right of subrogation because Appellee's cause of action arose before the repeal of Section 1720. Wolfe does not mandate a contrary result. Thus, we affirm the decision of the Superior Court.

OPINION IN SUPPORT OF REVERSAL
CAPPY, Justice.
This is an appeal by allowance from the order of the Superior Court which reversed the trial court's entry of summary judgment in favor of Pennsylvania Manufacturers' Association Insurance Company ("Appellant"). For the following reasons, I would reverse the disposition of the Superior Court.
The facts of this matter are straight-forward. On January 5, 1993, Judith Gokalp ("Appellee") was injured in a motor vehicle accident which occurred within the scope of her employment with Home Health Care Corporation ("Home Health Care"). Appellant, the workers' compensation carrier for Home Health Care, paid workers' compensation benefits to Appellee as a result of the accident.
*459 Subsequent to Appellee's accident, the legislature made sweeping changes to the Workers' Compensation Act, 77 P.S. § 1 et seq., (the "Act") via the Act of July 2, 1993, P.L. 190, No. 44 (commonly referred to as "Act 44"). One of the provisions of Act 44 was a partial repealer of 75 Pa.C.S. § 1720,[1] a provision of the Motor Vehicle Financial Responsibility Law. Section 1720 was repealed insofar as it stated that where a workers' compensation claimant was receiving benefits due to injuries sustained in a motor vehicle accident, the employer or workers' compensation carrier responsible for paying the benefits to the claimant had no subrogation claim against the third-party tortfeasor who had injured the claimant. By removing the limitation contained within § 1720, the provisions of 77 P.S. § 671[2], which allow subrogation claims to be filed against the monies recovered from the third-party tortfeasor who injured the workers' compensation claimant, could operate where the injury to the employee was caused by a motor vehicle accident. The effective date of Act 44 was August 31, 1993, almost nine months after Appellee's accident.
On October 4, 1994, Appellant notified Appellee that because of the changes wrought by Act 44, Appellant would have a subrogation lien on any recovery Appellee would receive from the third-party tortfeasor after September 1, 1993, the day after § 1720 was repealed.
In January of 1995, the third-party tortfeasor tendered $15,000.00 in a settlement offer to Appellee. Appellee accepted the settlement offer contingent upon the determination that Appellant had no subrogation rights in the settlement funds.
*460 Subsequently, Appellee filed this declaratory judgment action requesting a determination that Appellant had no right of subrogation in the monies tendered by the third-party tortfeasor.[3] Appellee argued that since her accident occurred prior to Act 44's repeal of § 1720, then Appellant is forbidden to recover any of these monies in subrogation. Appellee argued that a determination that Act 44 applies to this case would be an impermissible retroactive application of that act.
The trial court rejected this position, and entered judgment in favor of Appellant. Relying on this court's decision in Pennsylvania Manufacturers' Association v. Wolfe, Angino and Rovner, 534 Pa. 68, 626 A.2d 522 (1993), the trial court found that Appellee's subrogation rights in the monies collected from the third-party tortfeasor did not vest until a settlement offer was made. As Appellee's subrogation rights vested after the effective date of Act 44, there was no improper retroactive application of the new law.
The Superior Court reversed. Ignoring this court's Wolfe decision, the Superior Court instead relied upon its own decision in Schroeder v. Schrader, 453 Pa.Super. 59, 682 A.2d 1305 (1996). In Schroeder, the Superior Court was confronted with a situation similar to the matter sub judice. The Schroeder court noted that "substantive rights are governed by the law which is in effect at the time the action arises," and amendments made to those laws after a cause of action vests may not be retroactively applied. Id. at 65, 682 A.2d at 1307. The Schroeder court concluded that since § 1720 affected substantive rights, then its repeal would not be effective as to any actions where the worker's compensation claimant was injured prior to August 31, 1993, the effective date of the repeal of § 1720. Appellant petitioned this court for allowance of appeal, and allocatur was granted.[4]
*461 The sole issue presented for this court's review is whether a workers' compensation carrier's subrogation rights in the monies recovered by the injured claimant from the third-party tortfeasor vest at the time the claimant is injured, or at the time the claimant receives her recovery.[5] Resolution of this issue is the key to determining Appellant's subrogation rights. The legislature has dictated that in general, a statute shall not be applied retroactively so as to divest a party of its vested, substantive rights.[6]See 1 Pa.C.S. § 1926; Commonwealth v. Gribble, 550 Pa. 62, 703 A.2d 426, 439 (1998).[7] Thus, if the court were to determine that Appellant's subrogation rights vested at the time the settlement offer was tendered to Appellee, some sixteen months after the effective date of Act 44, then application of Act 44 to this matter would be properly done on a prospective basis. If, however, the court were to determine that Appellant's subrogation rights vested at the moment Appellee was injured, then the changes effectuated by Act 44 would be inapplicable to this matter because of the prohibition against applying a statute retroactively. 1 Pa.C.S. § 1926.
In analyzing this matter, the Superior Court below determined that an employer's right to subrogation is a substantive one, and properly noted that the legislature has stated that legislation which affects substantive rights will not be construed retroactively. From this, it concluded that Appellant had no subrogation rights in the monies recovered from the third-party tortfeasor because the changes effectuated by Act 44 could not be retroactively applied to this matter.
*462 I agree with the Superior Court that an employer's right to subrogation is a substantive right; a cause of action cannot be deemed a mere procedural matter. See generally Page's Dept. Store v. Velardi, 464 Pa. 276, 284 n. 5, 346 A.2d 556, 560 n. 5 (1975) (detailing distinction between "substance" and "procedure," and declaring that a cause of action is a substantive right). Yet, such a statement does nothing to resolve the critical inquiry of when does this substantive right vest.
To answer that question, this court need look no further than our recent Wolfe opinion. In Wolfe, this court analyzed the subrogation rights of a workers' compensation carrier against the recovery obtained by the claimant against the third-party tortfeasor. Specifically, the Wolfe court had to determine whether it was the subrogation claim of the workers' compensation carrier or the contingent fee of claimant's attorney which was to be paid first out of the recovery obtained from the third-party tortfeasor. We commenced our analysis by stating that "this case must be resolved on subrogation principles. . . ." Wolfe, 534 Pa. at 74, 626 A.2d at 525. We then plainly stated there that a "worker's compensation carrier is not entitled to any subrogation until the injured employee has the `right' to and receives such compensation." Id. at 74, 626 A.2d at 525.[8] Thus, it is only when the claimant *463 has received the compensation from the third-party tortfeasor that the carrier's subrogation rights in the monies vest.
Appellee attempts to distinguish Wolfe. Specifically, Appellee asserts that the holding in Wolfe was driven by equitable concerns peculiar to that particular factual scenario as we wanted to assure that the attorney, as creator of the recovery fund, would receive the first payment from that fund. Appellee appears to argue that the Wolfe court's conclusion concerning the timing as to when a workers' compensation carrier's subrogation rights vest was not critical to the resolution of that matter, and therefore that principle has no precedential effect.
I agree that the Wolfe court expressed that its resolution of the matter before it was consistent with the principles of "fairness and equity," id.; yet, in doing so, the court did not thereby invalidate its conclusion that the subrogation rights of a workers' compensation carrier vested at the time "the injured employee has the `right' to and receives such compensation." Rather, the Wolfe court's determination of when the subrogation rights of a workers' compensation carrier vest was a critical and integral part its analysis. After stating that the workers' compensation carrier's rights did not vest until after the claimant had received his recovery, the Wolfe court went on to say that the claimant (and, via subrogation, the workers' compensation carrier) had no rights in the recovery until after the attorney had been reimbursed his expenses and paid his fee. Id. The court concluded by noting that such a result was consistent with the principles of equity as it gave first priority in the fund to the creator of the fund. Id. at 75, 626 A.2d at 525. Thus, I believe that the discussion in Wolfe about when a workers' compensation carriers' subrogation rights vest should be accorded precedential effect. Furthermore, although the factual scenario presented in the matter sub judice is not identical to the one presented in Wolfe, I do not find that a valid reason to refuse to apply Wolfe. It is in the nature of a common law system to apply a legal principle *464 to a matter which presents different facts, but the same legal issue, as were presented in the case out of which the legal principle originally arose.
I therefore would find that the Superior Court committed error when it ignored Wolfe, which is binding precedent issued by this court, and relied on its own Schroeder decision. Pursuant to Wolfe, I would find that Appellant's subrogation rights did not vest until after the effective date of Act 44, and operation of Act 44 in this matter thus cannot be deemed a retroactive application of a law.
For the foregoing reasons, I would reverse the order of the Superior Court.
FLAHERTY, C.J., and ZAPPALA, J., join this opinion in support of reversal.
NOTES
[1] The trial court in this case relied in part on the district court's opinion in Valin which was subsequently reversed.
[1] Section 1720 stated in pertinent part that "[i]n actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits. . . ."
[2] 77 P.S. § 671 states in pertinent part that

[w]here the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe ... against such third party to the extent of the compensation payable under [the Worker's Compensation Act] by the employer....
[3] The nature of Appellant's subrogation rights was the sole issue raised in this declaratory judgment action. Appellee did not raise any issues concerning her rights to recover damages from the third-party tortfeasor or to obtain workers' compensation benefits.
[4] We have jurisdiction over this matter pursuant to 42 Pa.C.S. § 724.
[5] In reviewing the determination of the court below, our scope of review is plenary as the issue presented in this case is a question of law. Phillips v. A-Best Products Co., 542 Pa. 124, 130, 665 A.2d 1167, 1170 (1995).
[6] A statute may, however, be properly applied in a retroactive fashion where it affects only matters of procedure, and does not alter a substantive right. Page's Dept. Store v. Velardi, 464 Pa. 276, 284 n. 5, 346 A.2d 556, 560 n. 5 (1975).
[7] The only exception to this general rule is where the legislature has expressly stated that such a retroactive application is to be given to a statute. 1 Pa.C.S. § 1926. Neither party, however, contends that Act 44 contains such an express provision allowing retroactive application of its provisions.
[8] I note that although the opinion in Wolfe is captioned an "Opinion Announcing the Judgment of Court," since only three members of a seven member court joined in all aspects of that opinion, the portion of the court's analysis concerning subrogation principles is indeed precedential. The fourth and fifth votes for the subrogation analysis are obtained from the dissenting opinion authored by Mr. Justice (now Mr. Chief Justice) Flaherty, which was joined by Mr. Chief Justice Nix. Wolfe, 534 Pa. at 78, 626 A.2d at 527. Although Mr. Justice Flaherty's opinion was a dissent, he made it clear that he disagreed with the majority's result on a point distinct from the subrogation issue; in fact, Mr. Justice Flaherty clearly stated that he was in agreement with the majority on the subrogation issue. Id. Instead, his dissent was based on an issue which was not even addressed by the majority opinion. Mr. Justice Flaherty believed that the majority erred in granting the attorney priority in the recovery fund because the attorney had a conflict of interest as he had represented both the injured claimant as well as the workers' compensation carrier. Id. Essentially, Mr. Justice Flaherty dissented because he believed that the attorney should not be allowed to profit by his unethical behavior. Id. Thus, since there were five votes in Wolfe in favor of the subrogation analysis, then that portion of the opinion is precedential.