**John R. LUKE and Diane C. Luke, John C. and Lynn Holetich, Dr. Philip Gelacek, Mary Biesuz, Thomas and Jean Woods, Dr. William R. Balash, John and Joan Witngens, George and Lori Gatto, Mr. and Mrs. John M. George, Thomas and Mary Ann Timney, Mary Ellen Austin, Mr. and Mrs. Wilbert Woods, Mr. and Mrs. Clarence Conway, Robert and Sheila Gahagan, Mr. and Mrs. Robert Selinger, Regis McGuire, and John McGuire, Rodney H. Hartman, Scott J. Hartman, Clifford and Jean Campbell, Harold Burton, William Findon, Jointly and Severally, Appellants**

v.

**Randy J. CATALDI, David Brestensky, Ron Covone, Supervisors of South Buffalo Township and Mark A. Nesbit, Zoning Officer of South Buffalo Township.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.

Decided Sept. 28, 2005.

4.  Added by Section 1 of the Act of November 9, 1995, P.L. 350.

John R. Luke, Pittsburgh, for appellants.

James H. Owen, Kittanning, for appellees.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.[1]

This case is on remand from the Supreme Court of Pennsylvania. Previously, on August 15, 2003, we affirmed an order of the Court of Common Pleas of Armstrong County (trial court) that had dismissed Appellants' complaint in mandamus. *Luke v. Cataldi*, 830 A.2d 655 (Pa. Cmwlth.2003), *appeal granted, cause remanded*, 579 Pa. 424, 856 A.2d 767 (2004) (*Luke I*). We did so based on our determination that Appellants, who sought to have a conditional use permit voided *ab initio*, had, but failed to avail themselves of, an adequate statutory remedy. The Supreme Court granted Appellants' petition for allowance of appeal and has directed us to reconsider our decision in light of

*Schadler v. Zoning Hearing Board of Weisenberg Township,* 578 Pa. 177, 850 A.2d 619 (2004).

The relevant facts, as pled in the complaint, are as follows. On April 26, 2000, McVille Mining Company and Buffalo Valley, Ltd.[2] filed applications for conditional use permits to conduct coal mining activities in South Buffalo Township. The South Buffalo Township Planning Commission (Planning Commission) conducted a hearing on the matter and, thereafter, issued a written recommendation, with findings of fact and conclusions of law, that the applications be approved. On June 12, 2000, at an advertised regular public meeting, the Township's Board of Supervisors (Supervisors) considered a motion to approve the applications based upon the recommendation of the Planning Commission. The motion carried, and mining activities began in December of 2000.

Appellants are owners of property in South Buffalo Township. In October 2001, Appellants filed their complaint in mandamus against the Supervisors. In their complaint, the Appellants contended, *inter alia,* that (1) the Planning Commission hearing was a nullity because the Commission did not have a quorum; (2) the Supervisors did not hold a public hearing on the applications or give the public proper advance notice of their intention to act upon the applications; (3) the applicants failed to obtain the occupancy permits required by the Zoning Ordinance of South Buffalo Township; and (4) the applicants have conducted mining operations that are not permitted under the Zoning Ordinance. Appellants requested the trial court to issue a writ of mandamus directing the Supervisors (1) to hold public hearings on the conditional use permits and (2) to order the coal mining activities to cease, pending the outcome of the Supervisors' hearing.

The Supervisors filed preliminary objections, arguing that Appellants' mandamus action was, in actuality, a land use appeal subject to the requirements of the Municipalities Planning Code (MPC).[3] One requirement in the MPC, relevant here, is that land use appeals be filed within thirty days of the grant of a conditional use permit. Appellants filed over a year after the Supervisors granted the applicants the conditional use permits in question. The trial court agreed with the Supervisors that Appellants' complaint was untimely filed and dismissed it.

Appellants appealed to this Court. They argued that the Supervisors were required to give public notice of the application for the conditional use permits and to conduct a hearing on them under Section 603(c)(2)[4] and 913.2(a)[5] of the MPC. Because the Supervisors did do so, according to Appellants, the conditional use permits issued by the Supervisors were void *ab initio.*

In rejecting Appellants' arguments in *Luke I,* we noted that mandamus is an

---

**2.** Buffalo Valley, Ltd. is the owner of a 230–acre tract of land located in South Buffalo Township, Armstrong County. McVille Mining Company owns or leases the coal under the tract and adjacent land, for a total of approximately 1,000 acres. Rosebud Mining Company has an option to purchase McVille Mining Company and will operate the proposed mining facility. Complaint, Exhibit 1, Planning Commission Findings of Fact Nos. 1–2; Reproduced Record at 16 (R.R. ——).

**3.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

**4.** Section 603(c)(2), 53 P.S. § 10603(c)(2), governs the procedure for granting conditional uses. The text of Section 603(c)(2) is found in note 14, *infra.*

**5.** Section 913.2(a) was added to the MPC by Section 87 of the Act of December 12, 1988, P.L. 1379.

extraordinary remedy designed to compel official performance of a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a lack of any other adequate and appropriate remedy at law. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 20, 493 A.2d 1351, 1355 (1985). We reasoned that Appellants had an adequate remedy at law to challenge the Supervisors' grant of the conditional use permit, *i.e.,* a land use appeal pursuant to the MPC. However, Appellants failed to meet the requirement in Section 1002–A of the MPC that *"all* appeals from *all* land use" decisions *"shall* be filed within 30 days after entry of the decision." 53 P.S. § 11002–A (emphasis added). We also found guidance from our holding in *Schadler v. Zoning Board of Weisenberg Township,* 814 A.2d 1265 (Pa.Cmwlth.2003), which had not yet been reversed. We explained that under *Schadler,* "a challenge to procedure, no matter the defect, must be brought in accordance with the time limits set forth by the MPC." *Luke I,* 830 A.2d at 658–659. Because Appellants had failed to pursue their statutory remedy in a timely fashion, they did not state a claim for mandamus. We held that the trial court had correctly sustained the Supervisors' preliminary objections.

Appellants petitioned our Supreme Court for allowance of appeal. By *per curiam* order, the Supreme Court granted the petition and remanded the matter "for consideration of this Courts decision in *Schadler v. Zoning Hearing Board of Weisenberg Township,* 578 Pa. 177, 850

A.2d 619 (2004)." *Luke v. Cataldi,* 579 Pa. 424, 856 A.2d 767 (2004). Thus, we must now determine whether the Supreme Courts decision in *Schadler* has any bearing on the outcome of this case. We conclude that it does not.

In *Schadler,* the developer of a proposed mobile home park claimed that the townships mobile home park ordinance was invalid because of irregularities in the way in which it had been enacted. The township conceded it had failed to publish certain notices about the ordinance that were required in Section 506 of the MPC, 53 P.S. 10506, and in Section 1601 of the Second Class Township Code.[6] Nevertheless, the zoning hearing board dismissed Schadlers challenge to the validity of the ordinance, concluding that it was untimely because it was not filed within thirty days of the effective date of the ordinance. Schadler appealed to the trial court, which reversed, finding that the procedural deficiencies rendered the ordinance void *ab initio;* therefore, the thirty-day time limit for procedural challenges never began to run.

On appeal to this Court, Schadler argued that the trial courts ruling should be affirmed because it was consistent with our Supreme Court's decision in *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000).[7] We disagreed. Unlike *Schadler,* which hinged on the interpretation of Section 1601 of the Second Class Township Code, 53 P.S. § 66601, *Cranberry Park* was based on Section 1741 of the Second Class Township Code, 53 P.S.

---

6. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 66601. The township acknowledged that none of its public notices included either the full text or a brief summary of the ordinance, nor did they designate a place where members of the public could examine the full text of the ordinance.

7. In *Cranberry Park,* the Pennsylvania Supreme Court held that the thirty-day limitations period in 42 Pa.C.S. § 5571(c) did not bar a procedural challenge to a defectively enacted grading ordinance because the procedural defects rendered the ordinance void *ab initio.*

§ 65741.[8] Section 1601 includes a "savings provisions" that insulates certain procedural infirmities from having any effect on the validity of an ordinance.[9] Accordingly, we concluded that the thirty-day limitations period for procedural challenges always begins to run on an ordinance's stated effective date.

The Supreme Court disagreed with our analysis. It concluded that Section 1601 does not forgive all procedural infirmities in the enactment of an ordinance and, thus, does not supersede the *Cranberry Park* rule in all cases. Rather,

> [Section 1601] merely provides that a township's failure to file a copy of an ordinance with the county law library or other designated county office within thirty days of enactment or its failure to record the ordinance within the time provided will not render the ordinance

void *ab initio*, without addressing in any way the effect of other procedural deficiencies. As such, pursuant to *Lower Gwynedd*[10] and *Cranberry Park*, a township's *failure to comply with other statutory procedural requirements continues to render the resultant ordinance void.*

*Schadler*, 578 Pa. at 188, 850 A.2d at 626 (emphasis added). Because the procedural defects in the enactment of the ordinance in question were found not to be the type of defects protected by the savings provision in Section 1601, the ordinance was held to be void *ab initio*. As a result, Schadler's challenge was not time-barred.

▮ *Schadler* is an important case that reaffirmed our Supreme Court's narrow reading of statutory provisions that seek to impose a time bar to the initiation of a procedural challenge to an ordinance.[11]

---

**8.** Section 1741 was repealed by Act of Nov. 9, 1995, P.L. 350. It read, in relevant part, "All such ordinances, unless otherwise provided by law, shall be published prior to passage at least once in one newspaper circulating generally in the township. Such ordinances shall be recorded in the ordinance book of the township and shall become effective five days after such adoption." *Schadler*, 578 Pa. at 182 n. 5, 850 A.2d at 622 n. 5.

**9.** Section 1601(a), like its predecessor at Section 1741, sets forth certain public notice requirements that a governing body must fulfill prior to enacting an ordinance. To that end, Section 1601 provides:

> All proposed ordinances ... shall be published not more than sixty days nor less than seven days before passage at least once in one newspaper circulating generally in the township. Public notices shall include either the full text or a brief summary of the proposed ordinance which lists the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. If the full text is not included, a copy shall be supplied to the publishing newspaper when the notice is published, and an attested copy shall be filed within thirty days after enactment in

the county law library or other county office designated by the county commissioners.

53 P.S. § 66601(a). The so-called "savings provisions" are contained in the next sentence:

> The date of such filing shall not affect the effective date of the ordinance, the validity of the process of the enactment or adoption of the ordinance; nor shall a failure to record within the time provided be deemed a defect in the process of the enactment or adoption of such ordinance.

*Id.* Section 1601 was enacted simultaneously with the repeal of Section 1741.

**10.** *Lower Gwynedd Township v. Gwynedd Properties, Inc.,* 527 Pa. 324, 591 A.2d 285 (1991) (condemnation ordinance declared void under 53 P.S. § 65741 where township failed to publish full text of ordinance and failed to file a copy of ordinance in county law library or designated county office).

**11.** Recent amendments to the Judicial Code suggest that the result would be different today. In 2002, the General Assembly amended Section 5571(c)(5) to require a procedural challenge to the validity of a land use ordinance to be commenced within thirty days of

However, we find that *Schadler* is inapposite to this case. *Schadler* concerned a challenge to the validity of a municipal ordinance, whereas Appellants challenge the grant of a land use permit.[12] One cannot compare the enactment of an ordinance, governed by the Second Class Township Code, to the grant of a land use permit, a quasi-judicial act governed exclusively by the MPC.[13] More to the point, the language of the MPC cannot be construed to void a permit *ab initio* where a challenge to that permit is not timely presented.

Appellants argue that Sections 603(c)(2)[14] and 913.2(a)[15] of the MPC required the Supervisors to hold hearings on the conditional use applications before granting the requested permits. Whether the meeting conducted by the Supervisors on the applications was sufficient to meet

"the *intended* effective date of the ordinance." 42 Pa.C.S. § 5571(c)(5) (emphasis added). This would seem to evince legislative intent to foreclose virtually all procedural challenges after the thirty-day limitations period has expired, irrespective of the nature of the deficiencies in the process of enacting an ordinance. In any event, this amendment, like *Schadler*, has no application here since Appellants are challenging the grant of a land use permit, not an ordinance.

**12.** The gulf between a legislative enactment and an agency's grant of a discrete permit is enormous. A statute may be set aside on constitutional grounds, or simply reinterpreted, years after its enactment, and a body of jurisprudence has developed to explain what follows from that change in statutory law. The change does not void *ab initio* every decision ever made in accordance with the misunderstood or voided statute; only persons still in active litigation may take advantage of the change. By contrast, administrative agency decisions, like judicial decisions, are subject to strict appeal deadlines. *See, e.g.,* Section 1002–A of the MPC, 53 P.S. § 11002–A. Consistent with this principle of finality, the MPC requires appeals to be filed within thirty days. Otherwise, land use decisions would never firm, leaving skyscrapers vulnerable to challenge years after their erection. This is not rule of law.

**13.** Similarly, Appellants' reliance on *Cranberry Park Associates* and *Valianatos v. Zoning Hearing Board of Richmond Township,* 766 A.2d 903 (Pa.Cmwlth.2001), is misplaced. Both of those cases addressed the validity of a defectively enacted ordinance, not the propriety of a quasi-judicial act.

**14.** Section 603(c)(2) of the MPC states in relevant part:

(c) Zoning ordinances may contain:

\* \* \*

(2) provisions for conditional uses to be allowed or denied by the governing body *pursuant to public notice and hearing* and recommendations by the planning agency and pursuant to express standards and criteria set forth in the zoning ordinances. In allowing a conditional use, the governing body may attach such reasonable conditions and safeguards, other than those related to off-site transportation or road improvements, in addition to those expressed in the ordinance, as it may deem necessary to implement the purposes of this act and the zoning ordinance.

53 P.S. 10603(c)(2) (emphasis added). The requirements of "public notice and hearing" were added in a 1988 amendment. Prior to the Act of December 21, 1988, P.L. 1329, Section 603(c)(2) read as follows:

(2) [p]rovisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency, pursuant to express standards and criteria set forth in the ordinances.

The South Buffalo Township Ordinance mirrored the pre–1988 language of Section 603(c)(2) of the MPC. *See* SOUTH BUFFALO TOWNSHIP ZONING ORDINANCE, PA., art. 4, 401(1990).

**15.** Section 913.2(a) of the MPC, provides in relevant part:

(a)Where the governing body, in the zoning ordinances, has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, *the governing body shall hold hearings on and decide requests for such conditional uses* in accordance with such standards and criteria.

53 P.S. § 10913.2(a)(emphasis added).

the Section 913.2(a) requirement of a "hearing" is not before this Court.[16] The complaint alleges the fact that hearings were not conducted, and we must presume that fact to be true in deciding whether the trial court correctly dismissed Appellants' complaint.[17] Assuming that the Supervisors erred, Appellants were required to challenge the Supervisors' action, or inaction, by filing a timely appeal.

The requirements for a land use appeal are set forth in Article X–A of the MPC. The MPC provides, first, that the exclusive way to obtain a review of a decision to grant a conditional use permit is by following the procedures in the MPC. It states in Section 1001–A that

> [t]he procedures set forth in this article shall constitute the *exclusive* mode for securing review of any decision rendered pursuant to Article IX [Zoning Hearing Board and other Administrative Proceedings] or deemed to have been made under this act.

53 P.S. § 11001–A (emphasis added). Second, the MPC requires that "*all* appeals from *all* land use" decisions shall be taken to the trial court and "*shall* be filed within 30 days after entry of the decision." Section 1002–A of the MPC, 53 P.S. § 11002–A (emphasis added).[18] Nothing in this language suggests that an appeal that raises one kind of error, *i.e.*, failure to hold a hearing, is exempted from the thirty-day requirement for bringing that appeal.

■■■ Here, Appellants did not timely avail themselves of their statutory remedy to challenge the Supervisors' grant of a conditional use. As we explained in *Luke I*, mandamus is an extraordinary writ. One who allows his statutory appeal rights to expire cannot at a later date successfully assert those appeal rights under the guise of a petition for writ of mandamus. *Lizzi v. Unemployment Compensation Board of Review*, 466 Pa. 450, 452, 353 A.2d 440, 441 (1976). To allow Appellants to use mandamus to circumvent the time requirements for a land use appeal would violate the long-held rule established in *Lizzi*.

Further, nothing in the MPC suggests that a failure of the Supervisors to conduct a hearing rendered their grant of a conditional land use void *ab initio*. Such a result is not logical given the rest of the statutory scheme. If the Supervisors *had*

---

16. Section 909.1(b)(3) of the MPC, provides in relevant part:

> (b) *The governing body* or, except as to clauses (3), (4) and (5), the planning agency, if designated, *shall have exclusive jurisdiction to hear and render final adjudications in the following matters:*
>
> * * *
>
> (3) *Applications for conditional use* under the express provisions of the zoning ordinance pursuant to section 603(c)(2).

53 P.S. § 10909.1(b)(3) (emphasis added). The Supervisors contend that they adopted the Planning Commission's findings of fact and conclusions of law as their own. In effect, they treated the Planning Commission's recommendation as a proposed report, which became a final adjudication after their vote on June 12, 2000.

17. As an aside, it must be noted that the MPC says nothing about the conduct of Section 913.2(a) "hearings," and whether they are public informational hearings or adjudicatory hearings. It nowhere states that such hearings must be transcribed.

18. It states as follows:

> *All appeals from all land use decisions* rendered pursuant to Article IX shall be taken to the court of common pleas of the judicial district wherein the land is located and *shall be filed within 30 days after entry of the decision* as provided in 42 Pa. C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) of this act.

53 P.S. § 11002–A (emphasis added).

*taken no action* on this matter, their decision would have been "deemed to have been rendered in favor of the applicant." 53 P.S. § 10913.2(b)(2).[19] It is contradictory, to say the least, to have a conditional use "deemed" approved if the Supervisors do nothing but to have it voided *ab initio* where they complete some, but not all, of the steps for approving conditional land use.[20]

Because Appellants failed to file a timely appeal of the Supervisors' decision to grant conditional use permits, their complaint was correctly dismissed. *Schadler* does not require a different result, and, thus, we affirm the trial court.

### ORDER

AND NOW, this 28th day of September, 2005, the order of the Court of Common Pleas of Armstrong County dated May 14, 2002, in the above-captioned matter is hereby affirmed.

DISSENTING OPINION BY President Judge COLINS.

I respectfully disagree with the majority's decision affirming the trial court's decision to dismiss Appellant's complaint for failure to file a timely appeal of the Supervisors' decision to grant conditional mining use permits in the above-captioned matter.

The majority opinion avers that in the case of procedural defects, the distinction between the enactment of an ordinance or amendment thereto, as in *Schadler v. Zon-*

*ing Hearing Board of Weisenberg Township*, 578 Pa. 177, 850 A.2d 619 (2004), and the grant of a conditional use permit governed by the Pennsylvania Municipalities Planning Code (MPC)[1] as in the present matter, precludes reaching the same result as the Supreme Court reached in *Schadler*. In this regard, the majority contends that while in *Schadler*, the Supreme Court found that failure to comply with required publication procedures rendered an ordinance "void *ab initio*," the same rationale is inapplicable in the present matter where the procedural irregularities at issue do not involve an ordinance but rather the grant of a conditional mining use application. The majority's reliance upon the foregoing distinction, however, without considering the *nature* of the conditional use application, completely ignores the fact that the allowance of extensive deep mining activities near Appellants' properties, as in the present case, affects Appellants' substantive rights as fundamentally as would a legislative enactment.

Further, although the majority concedes that Sections 603(c)(2) and 913.2(a) of the MPC *require* "the governing body to conduct a hearing *before* issuing a conditional use permit," it avers that "whether the meeting conducted by the Supervisors on the application was sufficient to meet the Section 913.2(a) requirement of a 'hearing' is not before this Court," and that even assuming that the Supervisors erred, "Appellants were required to challenge the

---

19. 53 P.S. § 10913.2(b)(2) provides:

> (2) Where the governing body fails to render the decision within the period required by this subsection or fails to commence, conduct or complete the required hearing as provided in section 908(1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

20. If Appellants were correct that the MPC contemplates the voiding of a land use permit *ab initio*, then the thirty-day statute of limitations would be rendered meaningless. One could appeal at any time and if error by the governing body were demonstrated, then the permit could be voided *ab initio* thereby making the timeliness of any appeal a non-issue.

1. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

Supervisors' action or inaction, by filing a timely appeal." (Majority Opinion, p. 10). In this regard, the majority is adamant that "nothing in this language [Section 1002–A of the MPC, 53 P.S. § 11002–A] suggests that an appeal that raises one kind of error, *i.e.*, failure to hold a hearing, is exempted from the thirty-day requirement for bringing that appeal." (Majority Opinion, p. 11.) This type of narrow statutory interpretation, essentially a hear-no-evil, see-no-evil literal upholding of procedural rules regardless of the facts, produces a result that is as absurd as it is inequitable.

Notwithstanding the majority's attempt to obfuscate the type of hearing, "public informational or adjudicatory," intended in Section 913.2(a) of the MPC (Majority Opinion, p. 10, n. 17), any reasonable reading of Section 603(c)(2) of the MPC unequivocally refers to the allowance of conditional uses *pursuant to public notice and hearing.* The present record supports Appellants' averment that, in contravention of both Section 603(c)(2) of the MPC and Article Four of the South Buffalo Township Zoning Ordinance, PA., art. 4, § 401(1990), no public notice was given and/or hearing scheduled concerning the fact that the Board of Supervisors at its June 12, 2000 meeting intended to *vote on* the mining companies' conditional use applications. As a result of the foregoing violations, Appellants and other residents were deprived of any opportunity to voice their opposition to mining activities having both a significant impact upon their substantive rights as owners of property, and an irrevocably adverse effect upon their environment and quality of life. In *Smith v. Springfield Township Board of Supervi-*

*sors,* 787 A.2d 1112, 1115–16 (Pa.Cmwlth. 2001), this Court, quoted our Supreme Court's opinion in *Roeder v. Borough Council of Borough of Hatfield,* 439 Pa. 241, 246, 266 A.2d 691, 694 (1970),

> "[I]t hardly seems reasonable that the legislature intended that ordinances be immune from constitutional or other challenge after 30 days." Id. Indeed, courts have stated that *substantive validity questions are not subject to the thirty-day appeal period.* Holsten v. West Goshen Twp., 56 Pa.Cmwlth. 283, 424 A.2d 997 (1981); *Hodge v. Zoning Hearing Board of West Bradford Twp.,* 11 Pa.Cmwlth. 311, 312 A.2d 813 (1973).
>
> Accordingly, we conclude in the present case that there is no problem with Appellants' timeliness in challenging either procedure or substance.

[Emphasis added.] Although concededly the foregoing refers to ordinances, the Supreme Court's rationale herein is nonetheless applicable to the present Appellants who are challenging procedural failures, albeit in the granting of conditional use applications rather than the enactment of legislative changes, that profoundly impact upon their *substantive* rights as residents and property owners.

The majority insists that because Appellants first challenged the Board's grant of the mining conditional use applications in June of 2001, after the retroactively effective date of the amendment,[2] the untimeliness of Appellants' challenge beyond the statutorily prescribed appeal period precludes its success. *See Taylor v. Harmony Township Board of Commissioners,* 851 A.2d 1020 (Pa.Cmwlth.2004). In *Tay-*

---

**2.** Section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5), was amended by the Act of December 9, 2002, P.L. 1705, No. 215, § 6. The statutory notes to said amendment make it applicable to "an appeal or challenge relat-

ing to an alleged defect in the process of the enactment or adoption of any ordinance, resolution, map or similar action commenced after December 31, 2000."

*lor,* we noted that the Supreme Court in *Schadler,* specifically declined to address the impact of the amendment to Section 5571(c)(5) of the Judicial Code because said amendment was not in effect when Schadler brought his procedural challenge.

Although it is indisputable that Appellant's first challenge was filed after December 31, 2000, the factual situation here warrants a different result than that reached by this Court in *Taylor.* Considering the fact that Appellants had no notice about the Board's June 12, 2000 approval of the mining applications, the earliest that Appellants could have challenged said approval would have been in December of 2000 when, according to the record, mining activities began, thereby affording Appellants little time to comply with appeal deadlines. In this regard, the retroactive application of the amendment back to December 31, 2000, as set forth in the statutory notes to Section 5571(c)(5) of the Judicial Code, as amended on December 9, 2002, is inequitable since Appellants filed their challenge well before the enactment of the amendment, thereby making, absent the amendment's retroactive application, the *Schadler* rationale applicable and the Board's grant of the mining conditional use applications void *ab initio.* In *City of Philadelphia v. Patton,* 148 Pa.Cmwlth. 141, 609 A.2d 903, 904–05 (1992), this Court stated:

> Generally, a retroactive application of new legislation will offend the due process clause if, balancing the interests of both parties, such application would be unreasonable. *Krenzelak v. Krenzelak,* 503 Pa. 373, 469 A.2d 987 (1983). Retroactive laws are deemed unreasonable if they impair contractual or other vested rights.... *While procedural rules apply to cases filed after their effective dates, substantive rights are governed by the law in effect at the time a cause of*

action accrues. *Bell v. Koppers Co.,* 481 Pa. 454, 392 A.2d 1380 (1978).

[Emphasis added.] This safeguarding of substantive rights, such as those being asserted by the present Appellants, from obliteration by procedural rules was also reaffirmed by our Supreme Court in *Gokalp v. Pennsylvania Manufacturers' Association Insurance Company,* 553 Pa. 452, 719 A.2d 1033, 1034 (1998), wherein the Court reaffirmed the result in *Bell,* which found that *"when substantive rights are involved, the applicable law must be that which is in effect at the time the cause of action arises."* [Emphasis added.]

Based upon the above discussion, the result reached by the majority opinion is inconsistent with the Supreme Court's decision in *Schadler* and with constitutional and equitable principles.

Accordingly, the trial court's order should be reversed.