William Gillespie, : 
          Petitioner : 
     : 
    v. : No. 1633 C.D. 2016
     : Submitted: February 17, 2017
Workers' Compensation Appeal : 
Board (Aker Philadelphia Shipyard), : 
          Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: May 17, 2017

William Gillespie (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying his petition to revise his disability status from partial to full disability. In doing so, the Board reversed the decision of the Workers' Compensation Judge (WCJ), who upheld Claimant's constitutional challenge to his impairment rating evaluation (IRE), for the stated reason that Claimant's challenge to his IRE was untimely filed. Claimant filed his challenge eight years after his employer notified him of a change in his workers' compensation disability status. Concluding that Claimant's petition was untimely, we affirm the Board.

The facts are not disputed. Claimant was employed by Aker Philadelphia Shipyard (Employer). On January 8, 2004, Claimant slipped and fell on ice on the deck of a ship, which caused pain to his low back, right hip, right leg and right shoulder. WCJ Decision, 9/20/2007, at 1; Reproduced Record at 17 (R.R. __). Claimant was diagnosed as suffering "from cauda equine syndrome

(multiple radiculopathies) as a result of a fall secondary to canal stenosis with some pre-existing degenerative changes and herniated discs." WCJ Decision, 9/20/2007, at 2; R.R. at 18. He sustained "nerve damage at all levels from L2 to S1," the worst of which "was at L4-5, L5-S1 and the ruptured disc at L3-4 on the right." *Id*. After a hearing, a WCJ granted Claimant's claim petition.

On November 20, 2007, Dr. Richard J. Morris evaluated Claimant as having a whole body impairment of 25 percent. In doing this evaluation, Dr. Morris used the Fifth Edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment" (Fifth Edition AMA Guides). Based on Dr. Morris' IRE, Employer issued a "Notice of Change of Workers' Compensation Disability Status" to Claimant. Notably, Claimant continued to collect full disability compensation, but the change in his status limited his compensation period to 500 weeks. *See* Section 306(a.2)(3) of the Workers' Compensation Act (Act), 77 P.S. §511.2(3).[1]

Eight years later, in September 2015, Claimant filed a reinstatement petition asserting that his IRE was a nullity because Dr. Morris used the Fifth Edition AMA Guides to do his evaluation of Claimant. In support, Claimant relied upon this Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015), *petition for*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708. Section 306(a.2)(3), added by the Act of June 24, 1996, P.L. 350, states:

> Unless otherwise adjudicated or agreed to based upon a determination of earning power under clause (b)(2), *the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same*. An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.

77 P.S. §511.2(3) (emphasis added).

2

*allowance of appeal granted*, 133 A.3d 733 (Pa. 2016). In *Protz*, we determined that only the Fourth Edition of the AMA Guides had been authorized by the legislature for guidance in an IRE. The legislature's attempt to approve future editions of the AMA Guides was unconstitutional because its legislative authority may not be delegated to a private body, even one as august as the American Medical Association. Employer opposed Claimant's reinstatement petition.

Claimant's petition was assigned to a WCJ. In support of his reinstatement petition, Claimant submitted: (1) the WCJ's September 20, 2007, decision granting his claim petition; (2) the impairment rating determination face sheet; (3) the IRE report; (4) a notice of change of workers' compensation disability status; (5) the contingent fee agreement between Claimant and his attorney; and (6) his litigation expenses. Employer did not submit any evidence.

On February 23, 2016, the WCJ granted Claimant's reinstatement petition. Because Claimant's impairment rating was made on the basis of the Fifth Edition of the AMA Guides, the WCJ concluded that Claimant sustained his burden of proving that the IRE was a nullity as was the change in his disability status.

Employer appealed to the Board. Employer contended that the WCJ did not issue a reasoned decision because the WCJ did not consider any of its arguments, namely, that *Protz* did not apply to this case.

The Board concluded that the WCJ erred. The Board explained that a claimant has 60 days within which to file a petition challenging the validity of a change in his disability status as a result of an IRE. *See* Section 306(a.2)(2) of the Act, 77 P.S. §511.2(2). After 60 days, a claimant may challenge his partial disability status by presenting a new impairment rating evaluation that shows a full

body impairment of 50 percent or more. *Johnson v. Workers' Compensation Appeal Board (Sealy Components Group)*, 982 A.2d 1253, 1258 (Pa. Cmwlth. 2009); *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280, 1288 (Pa. Cmwlth. 2010). Claimant did not file an appeal within 60 days of the notice of change in his disability status, and he did not obtain a new impairment rating. Accordingly, Claimant did not meet his burden under Section 302(a.2)(2) of the Act. The Board reversed the WCJ's determination, and Claimant petitioned for our review.

On appeal,[2] Claimant raises two issues. First, Claimant contends that the Board erred in dismissing his reinstatement petition as untimely. He contends that the 60-day appeal period in Section 306(a.2) of the Act is not applicable in a constitutional challenge to an IRE. Second, Claimant argues that the Board erred in disregarding this Court's decision in *Protz*.

The Act sets forth the procedures for impairment rating evaluations. Section 306(a.2) states, in relevant part, as follows:

> (1) When an employe has received total disability compensation pursuant to clause (a) [77 P.S. §511] for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. *The degree of impairment shall be determined based upon an evaluation by a physician* who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic

---

[2] We review Board adjudications to determine whether errors of law were made, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Ward v. Workers' Compensation Appeal Board (City of Philadelphia)*, 966 A.2d 1159, 1162 n. 4 (Pa. Cmwlth. 2009).

4

equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, *pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."*

(2)    If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a).  *If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b)* [77 P.S. §512]: Provided, however, That no reduction shall be made until sixty days' notice of modification is given.

* * *

(4)    An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. §511.2(1), (2), (4) (emphasis added).  In *Protz*, this Court held that the language, *"pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment[,]"* represented an "unconstitutional delegation of legislative authority" to a private entity because it "proactively approved versions of the AMA Guides beyond the Fourth Edition without review." *Protz*, 124 A.3d at 416 (emphasis added).  The Fourth Edition of

the AMA Guides was the only edition of the AMA Guides adopted expressly by the legislature and, thus, the only edition that could be used.

In *Johnson*, 982 A.2d 1253, this Court explained the process for challenging an IRE. Where an employer sends the claimant a notice that it intends to change the claimant's disability status as a result of an IRE, the claimant has 60 days to challenge the IRE. If the claimant does not challenge the change in status within the 60 days, then Section 306(a.2)(4) of the Act becomes operative; it states that the claimant may appeal the "change to partial disability at any time during the five hundred-week period of partial disability; Provided, [t]hat there is a determination that the employe meets the threshold impairment rating that is equal to or greater than fifty percentum ...." 77 P.S. §511.2(4). *See also Johnson*, 982 A.2d at 1258.

The Board followed the statutory scheme. Claimant did not challenge Dr. Morris' IRE determination within 60 days. Although Claimant filed his petition within 500 weeks, he did not offer evidence that he met the "threshold impairment rating" of 50 percent. The Board did not err in reversing the WCJ.

Claimant contends that he is not challenging the accuracy of the IRE or petitioning to change his disability status. Accordingly, he argues that the time limitations in Section 306(a.2) of the Act are not applicable. Specifically, he argues that, under this Court's decision in *Protz*, his IRE is *void ab initio*. Indeed, all IREs performed under the Fifth Edition are legal nullities. Accordingly, his disability status never changed.

This Court considered and rejected Claimant's argument in *Riley v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 154 A.3d 396 (Pa. Cmwlth. 2016). In *Riley*, the claimant was evaluated using the Fifth

Edition of the AMA Guides, instead of the Fourth Edition, and she did not appeal the IRE within 60 days of the notice of change in her disability status. Rather, the claimant waited nearly ten years to challenge the IRE determination. We held that her challenge was untimely and that *Protz* did not invalidate the claimant's 2003 IRE rating.

Likewise, here, Claimant's petition did not satisfy the deadlines set forth in Section 306(a.2) of the Act for challenging his IRE, on any ground. It is too late to do so now. As we stated in *Riley*, "*Protz* does not give [a claimant] a second chance to appeal [the] IRE." *Riley*, 154 A.3d at 401. *Riley* is controlling.

Claimant points to *Mazuruk v. Workers' Compensation Appeal Board (Gillin and Sons Contracting, Inc.)*, (Pa. Cmwlth., No. 1216 C.D. 2015, filed October 14, 2016) (unreported).[3] In *Mazuruk*, the employer filed a petition to modify compensation benefits based upon an IRE showing that the claimant had an impairment rating of 24 percent, using the Sixth Edition of the AMA Guides. The WCJ granted the employer's petition, and the Board affirmed the decision of the WCJ. On appeal, the claimant argued that the IRE was not performed under the most recent edition of the AMA Guides. We agreed and remanded the matter with instructions that the WCJ permit the employer to have the claimant submit to a new IRE to be performed in accordance with the Fourth Edition of the AMA Guides. *Mazuruk*, slip op. at 12.

*Mazuruk* is distinguishable. First, the claimant in *Mazuruk* lodged a timely challenge to his IRE determination; Claimant did not. Second, the claimant

---

[3] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

7

in *Mazuruk* had an appeal pending at the time this Court issued its decision in *Protz*; Claimant did not.

In his second issue, Claimant contends that the Board capriciously disregarded this Court's decision in *Protz*. We reject this contention. As set forth above, it does not matter what grounds are invoked to challenge an IRE. If not raised within 60 days, it is too late. Accordingly, the Board had no duty to consider Claimant's constitutional challenge based on *Protz*.[4]

For the reasons discussed above, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

---

[4] Generally, a declaration that a provision of a statute is unconstitutional does not void every decision ever made in accordance therewith; only parties still engaged in active litigation may take advantage of a change. *East Penn Township v. Troxell*, (Pa. Cmwlth., Nos. 2490 C.D. 2009, 2491 C.D. 2009, 2492 C.D. 2009, 2493 C.D. 2009, filed January 5, 2011), slip op. at 4-5 (unreported) (citing *Luke v. Cataldi*, 883 A.2d 1114, 1119 n.12 (Pa. Cmwlth. 2005), *reversed and remanded on other grounds*, 932 A.2d 45 (Pa. 2007)).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Gillespie, :
                Petitioner :
                 :
          v. : No. 1633 C.D. 2016
                 :
Workers' Compensation Appeal :
Board (Aker Philadelphia Shipyard), :
                Respondent :

# **O R D E R**

AND NOW, this 17th day of May, 2017, the order of the Workers' Compensation Appeal Board, dated September 16, 2016, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge